**C.R. PITTMAN CONSTRUCTION COMPANY INC.**                     CIVIL ACTION

**VERSUS**                                                    NO: 10-1027

**PARSON AND SANDERSON, INC.**                               SECTION: B(2)

<u>ORDER AND REASONS</u>

C.R. Pittman Construction Company, Inc.'s ("Plaintiff") Motion to Remand for Lack of Subject Matter Jurisdiction (Rec. Doc. No. 5), opposed by Parson and Sanderson, Inc. ("Defendant") (Rec. Doc. No. 7), is **DENIED.**

On March 2, 2010, plaintiff, a Louisiana corporation, filed suit against defendant, a Louisiana corporation, in Civil District Court for the Parish of Orleans, State of Louisiana. This suit is based on a Suppliers Contract Agreement No. 2002-006 and related Subcontract Agreements No. CR2002-06A and No. CR2002-06B entered into between plaintiff and defendant concerning the United States Army Corps of Engineers Southeast Louisiana Urban Flood Control Project- Dwyer Road Pump Station Improvements. Pursuant to the contracts, defendant was required to provide certain products, such as motors, stub shafts and ancillary parts, and provide certain services, including installation, manufacturer supervision, direction of final assembly, erection, and start up and operation of all pumping equipment. Plaintiff alleges that defendant breached the contracts by failing to timely provide its products

and perform its services as required by the contracts. Specifically, plaintiff alleges that defendant breached its contractual obligations by: (1) failing to provide certain stub shafts and ancillary equipment; (2) failing to provide motors that met the specifications; and (3) failing to provide technical support for the final erection of the pumps. The defendant timely removed this action to federal court, pursuant to 28 U.S.C. § 1442.

Removal of this case is authorized by The Federal Officer Removal Statute, 28 U.S.C. §1442, which states, in pertinent part:

§ 1442. Federal officers or agencies sued or prosecuted

(a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

In order to invoke the Federal Officer Removal Statute, Defendant must:(1) show that it qualifies as a person under the

statute; (2) show that it acted under the direction of a federal officer;(3) raise a federal defense to the plaintiff's claims; and (4) demonstrate a causal connection between plaintiff's claims and its acts performed under color of federal officer. *Mesa v. California*, 489 U.S. 121, 131-132 (1989); *Crocker v. Borden, Inc.*, 852 F.Supp. 1322, 1325 (E.D.La. 1994). In order to determine whether or not defendant properly invoked the Federal Officer Removal Statute, defendant must satisfy all four prongs of the *Mesa* test. The first prong of the test, whether or not defendant constitutes a person under the statute, is uncontested.

The second prong of the test, whether or not Parson acted under the direction of a federal officer, is in dispute. The Fifth Circuit determined that a private company acted under the direction of a federal officer when it showed that in connection with a contract the company entered into with the government: (1) the government maintained strict control over the development and production of the product at issue; (2) the government required the production to be done in accordance with the government's specifications set forth in government contracts and documents referenced therein; and (3) the government performed inspections. *Winters v. Diamond Shamrock Chemical Co.*, 149 F. 3d 387, 398-399 (5th Cir. 1998); *see Shimon v. Sewerage & Water Board of New Orleans*, Civil Action No. 05-1392 (E.D.La., Dec. 14, 2007). The circumstances in this case are very similar to the circumstances

3

found in *Shimon*, in which this Court found that the removing party satisfied all prongs of the *Mesa* test. Just as in *Shimon*, various contract provisions specifically incorporated by reference in the Supplier Agreement and Subcontracts authorize the Corps to exercise a high degree of control over the equipment procured and services performed by Parson for the project. *See Shimon v. Sewerage & Water Board of New Orleans*, Civil Action No. 05-1392 (E.D.La., Dec. 14, 2007). Pittman's contract with the Corps also required the Corps of Engineers to occupy and staff a full time field officer at the project site, and this office was operated by full-time Corps employees who inspected Parson's equipment and work. *Id.* Additionally, various clauses in Parson's Supplier Agreement provided that all work shall be conducted under the general direction of the Corps' designated Contracting Officer and required the Contracting Officer to approve all machinery and mechanical equipment incorporated into the project. These documents serve as evidence of the government's direct control over Parson's work. There is enough evidence to show that Parson acted under the direction of a federal officer.

Under *Mesa*, a party removing under the Federal Officer Removal Statute must raise a defense arising out of their duty to enforce federal law. *Crocker* at 1326-27. The purpose of the removal statute is "to have the validity of the defense of official immunity tried in a federal court." *Winters* at 400. "The

4

defendants need not prove the asserted defense, but need only articulate its 'colorable' applicability to the plaintiff's claims." *Id*. Defendant invokes the federal contractor defense. Defendant has presented a colorable defense by identifying specific contract specifications and conditions which show that governmental approval was required for Defendant's submissions and that it complied with the specifications.

The final prong is whether there is a causal connection between plaintiff's claims and defendant's acts performed under the color of federal office. In *Shimon*, this court found that the state law claims against the removing party, T.L. James, were based on the question of causation of damages resulting from the defendant's involvement in the SELA Project activities under its contract. *Shimon* at 14. This court found that James demonstrated a causal connection between the claims at issue and the acts performed under the color of federal statute where James contended that it had complied with the contract and submitted evidence that the work had been accepted by the Corps. *Id.* Like James in *Shimon,* defendant has demonstrated a causal connection between plaintiff's claim that defendant breached its contract and defendant's defense that it complied with the Corps contract specifications, was required to obtain government approval before supplying the equipment, and the government gave its approval and the Corps personnel acknowledged delivery of the equipment and

approved the mode of installation of equipment.

Plaintiff's Motion to Remand for lack of subject matter jurisdiction is **DENIED.**

New Orleans, Louisiana this 23rd day of August, 2010.

UNITED STATES DISTRICT JUDGE